LEO MARKS ET AL., RESPONDENTS, v. FREDERICK W. PARKER ET AL., APPELLANTS.

Argued March 10, 1922—Decided June 19, 1922.

Where the existence of a mortgage encumbrance upon real estate as an objection to the acceptance of the title by a purchaser is an issue at the trial, and the party whose interests are adversely affected by such mortgage at the trial, voluntarily concedes its existence in his own testimony, it becomes unnecessary for the party relying on the mortgage as an objection to the title to make more formal proof of the fact of its existence as a subsisting encumbrance.

———

On appeal from the Supreme Court, which affirmed a judgment for plaintiffs in the District Court, filing the following *per curiam:*

"This is a suit by a vendee to recover back a deposit on purchase of real estate. The agreement was that the title should be by warranty deed free from all encumbrances or

violations by city or state ordinances. Taxes, insurance, water rents, rents, &c., were to be apportioned to the day of passing title. The vendee refused to take title because the property was encumbered, as he said, by leases and by a mortgage. The trial judge held, following *Demars* v. *Koehler*, 62 *N. J. L.* 203, that knowledge of the alleged encumbrances on the part of the vendee was no answer to the defence. We need not consider the question whether under a contract such as this the outstanding leases were encumbrances. It may well be held in view of the language of the contract that the intent of the parties was not to convey the land free and clear of encumbrances, but to convey the reversion, together with the rents, since it was provided that the rents were to be apportioned. But even if this is a correct construction of the contract, the difficulty remains that the trial judge has found that the proof showed an outstanding mortgage and that there was no proof as to the amount of the mortgage or as to whether it was past due, and, therefore, capable of being satisfied out of the purchase price. The only answer made on behalf of the defendant is that the mortgage is a mere ghost of a mortgage. We do not know what the ghost of a mortgage is, but the language of the brief seems to justify the finding of the trial court. Of course, the existence of a mortgage would make it impossible for the defendant vendor to perform his contract. The necessary result was that the plaintiff vendee had the right to rescind the contract and recover back his deposit. The judgment must therefore be affirmed."

For the appellants, *George W. C. McCarter.*

For the respondents, *Walter C. Meeker.*

PER CURIAM.

We conclude that the judgment should be affirmed, and are content to rest our decision substantially on the memorandum filed in the Supreme Court. The passage in that memoran-

dum holding that the "existence of a mortgage would make it impossible for the vendor to perform his contract," should be read in connection with the earlier qualification that it did not appear that such mortgage could be satisfied out of the purchase price. *Kadow* v. *Cronin, ante p.* 301. It is said that the existence of the mortgage was not raised in the pleadings nor litigated at the trial nor properly proved. The complaint mentions encumbrances and this covers mortgages, and the testimony shows that the mortgage was relied on at the trial as an objection to the title and without any point being made of the pleadings being limited to tenancies or leases. The mortgage as an encumbrance relied on appears in the testimony on both sides, including that of both the defendants, who seem to have treated it as a matter of course, and at no stage of the trial was the question ever raised that the mortgage itself or the record or a certified copy should be put in evidence. Where in an issue as to marketability of title, the existence of a mortgage encumbrance is voluntarily admitted at the trial by the testimony of a party to be bound thereby, the best evidence rule may be considered waived, at least. See *Wigm. Ev.* 1508, § 1256. We may add that this point is not raised by any specification of error in the Supreme Court.

*For affirmance* — THE CHANCELLOR, CHIEF JUSTICE, TRENCHARD, PARKER, BERGEN, MINTURN, WHITE, HEPPENHEIMER, WILLIAMS, GARDNER, ACKERSON, VAN BUSKIRK, JJ. 12.

*For reversal*—None.